LIBERTY COMBUSTION COMPANY, Appellant,

v.

THORESON SALES COMPANY, Appellee.

No. 20078.

United States Court of Appeals Fifth Circuit.

Sept. 24, 1963.

Wm. Madden Hill, Ungerman, Hill, Ungerman & Angrist, Dallas, Tex., for appellant.

William N. Hamilton, Henry D. Akin, Jr., Akin, Vial, Hamilton, Koch & Tubb, Dallas, Tex., for appellee.

Before CAMERON and BROWN, Circuit Judges, and WHITEHURST, District Judge.

PER CURIAM.

The issue in this diversity case, tried before the District Judge sitting without a jury, turns on the true meaning of an admittedly parol agreement wherein the seller (Liberty, appellant) agreed that it would allow the buyer (Thoreson, appellee) to "reship" any merchandise which the buyer could not dispose of. The court below rejected seller-appellant's contention that "reshipping" would be available only if the seller were able to place the goods in other markets. The findings of the court below are not clearly erroneous. Appellant may not rely upon the parol evidence rule. By first placing oral testimony concerning the issue before the court, appellant waived any right it had to rely on that rule, assuming it were applicable in the circumstances.

The judgment appealed from is affirmed.